GARDNER v. WINTERSON et al.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

MORTGAGES—CONSIDERATION—EVIDENCE.

In a foreclosure action by the assignee of an interest in the mortgage, defendant (the mortgagor) claimed that the mortgage was given to secure advances to be made by one W., and that only a small part of the amount secured had been advanced, but her testimony showed that she did not remember the transaction clearly. The attorney who represented W. in the transaction in which the mortgage was given testified in support of defendant's claim, but it appeared that he had taken an assignment of an interest in the mortgage at its face value in payment of his fees, and no satisfactory explanation of this was given. *Held*, that the court properly found that the mortgage was a valid security to the amount stated therein.

Williams, J., dissenting.

Appeal from special term, New York county.

Action by Maria Gardner against Maria L. Winterson and others. From a judgment of foreclosure and sale, defendant Winterson appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

E. G. Bullard, for appellant.
J. N. Tuttle, for respondent.

PATTERSON, J. This was an action to foreclose a mortgage on real estate situated in the city of New York. The mortgage was made on the 14th of June, 1892, and was given to secure a certain sum of money to be paid on the 17th of June, 1894, with interest payable semiannually. The plaintiff became the purchaser of an interest in this mortgage and in a promissory note to which it was given as collateral. It was adjudged in the court below that the interest of the plaintiff was to the extent of seven-tenths of the amount of the bond and mortgage, and that the plaintiff was entitled to a judgment of foreclosure and sale, and to payment of the amount of her share out of the proceeds of the sale. There was a defense interposed by the defendant Winterson, the mortgagor, to the effect that the mortgage was without consideration, except to the extent of about $50; that the note and mortgage were given to one Wilson as collateral security for moneys to be ad-

vanced by her to the mortgagor to enable the mortgagor to carry on certain lawsuits, and to pay the disbursements and counsel fees of the mortgagor in those lawsuits, and to secure her against liability on an undertaking; that Wilson advanced only the small sum above mentioned, which was the only consideration actually given for the mortgage; that no liability on the undertaking was ever incurred; that, as between the mortgagor and Wilson, the mortgage was valid only for the small amount advanced; and that the plaintiff, as the assignee of the mortgage, took it subject to all the equities existing between the mortgagor and Wilson. It was made to appear in the proofs that the plaintiff became the purchaser of the seven-tenths interest in the mortgage, paying therefor the sum of $500, and that the wife of the attorney for Wilson in the lawsuits referred to became the assignee from Wilson of the other three-tenths interest in the note and mortgage. Upon the trial of the action the mortgagor, the defendant Winterson, was called as a witness in her own behalf, but she failed to testify to anything affecting the substance of her defense. That she was altogether forgetful of the transaction is quite obvious, for she went so far in her testimony as to say that she never gave any note or mortgage. It was then sought to substantiate the defense by the testimony of the attorney who represented the defendant Wilson in the lawsuits referred to, and in the transactions of the giving of the note and mortgage, and who procured the assignment from Wilson to his (the attorney's) wife. The general purport of that testimony is that nothing was ever advanced on the mortgage but the small sum referred to. It is manifest, however, from the record, that the learned judge before whom the cause was tried was not satisfied with the statements of this witness, and, indeed, the testimony given by him is very peculiar, to say the least. This attorney swore that the consideration of the mortgage was future advances to be made by Wilson, to secure her against liability on an undertaking, and to protect her against what she advanced or paid; and yet this attorney took from Wilson an assignment to his wife of a three-tenths interest in that mortgage, which, according to the attorney's own story, Wilson had no right to make. The trial judge called the attention of the witness to that situation, and asked him how he reconciled his statement that it was a mortgage simply given as collateral for whatever might be advanced with his taking an assignment for $300, to which no satisfactory answer was given. The further circumstance appears that this witness, the attorney, drew the assignment of the three-tenths interest from Wilson to his wife, and in that instrument it is stated that three-tenths of the mortgage and the note are set over by Wilson to the attorney's wife; and then appears the statement, "Leaving my [Wilson's] share of said mortgage, $700, with interest on that amount." Now, this attorney knew at that time that Wilson either owned the whole of the seven-tenths, or only had an interest of $50 in the note and mortgage, and he accepted for his wife, for his services, three-tenths of that mortgage, which he swore was only a valid security to the extent of $50. The learned judge in the court below could take no

other view of the testimony of this witness as to the consideration of the mortgage than that which compelled him to reject it.

The judgment appealed from must be affirmed, with costs. All concur, except WILLIAMS, J., dissenting.